UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICKEY NELSON SWIFT,**

      **Plaintiff,**

      v.                                   Case No. 12-CV-311

**NASTASSIA SWIFT, PAUL GRACZYK,
MATTHEW WALDENMEYER, SHAUN LESNIEWSKI,
CARMELO PATTI, MARILYN D. FRANCIS,
HOWARD JOPLIN, GREG JACKSON,
FRANCIS JOPLIN, EDWARD A. FLYNN,
ROBER PALUSO, YOLANDA EGERSON,
SHERYL DEAN, MARGARET BECKWITH,
JOHN BERRETT, SALLY S.,
and DAVID H. SCHWARZ,**

      **Defendants.**

---

### ORDER

Plaintiff, a Wisconsin state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. On January 30, 2013, I screened the original complaint and determined that plaintiff failed to state a claim. However, I granted plaintiff leave to file an amended complaint based on allegations that a clerk of court and one of his employees refused to file his state-court habeas corpus petition. This matter is before me to screen plaintiff's amended complaint under 28 U.S.C. § 1915A.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing

2

Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's amended complaint reiterates many allegations from his original complaint. He alleges that his niece, defendant Nastassia Swift, made false sexual assault allegations against him, provided false and conflicting statements to Milwaukee police officers regarding the assault, and conspired with officers to violate his constitutional rights. Plaintiff was charged with second degree sexual assault. A preliminary hearing was held on December 30, 2011, and on October 16, 2012, he was found not guilty following a jury trial.

3

Plaintiff claims that defendants conspired to deprive him of his constitutional rights when they fabricated a sexual assault case against him. Plaintiff claims that Nastassia Swift's inconsistent statements form the basis for his claim that she and defendants conspired to deprive him of his constitutional rights. However, as set forth in the court's order screening the original complaint, these allegations fail to state a claim.

> Nor does plaintiff's complaint state a claim against the various police defendants. Plaintiff's niece told police officers that her uncle attempted to rape her while she was intoxicated, which was sufficient to create probable cause to arrest plaintiff. "The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." Beauchamp v. City of Noblesville, Ind., 320 F. 3d 733, 743 (7th Cir. 2003). Plaintiff asserts that the police should not have believed his niece's allegations because she was intoxicated, and because she gave slightly different accounts to different officers at different times, and that they erred in failing to test her level of intoxication and in failing to do a "raped test" or a "sexual assault test." (Complaint at 8). Given the niece's statement that her uncle took advantage of her intoxication to partially remove his clothing and attempted to force intercourse with her, there would be no reason for the police to undertake those tests. There was no dispute that plaintiff's niece was intoxicated, and she alleged attempted sexual assault, not completed penetration and ejaculation. "More importantly, it is not the function of the police to establish guilt; the responsibility of sorting out conflicting testimony and assessing the credibility of putative victims and witnesses lies with the courts." Beauchamp, 320 F. 3d at 745.

(Court's Order of January 3, 2013, at 5.) Likewise, the existence of probable cause preceding plaintiff's arrest and investigation negates a conspiracy claim implicating Nastassia Swift, because conspiracy is not an independent basis of liability in § 1983 actions. See Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008) (citing Cefalu v. Vill. of Elk Grove, 211 F.3d 416, 423 (7th Cir. 2000)).

Plaintiff also alleges that his probation should not have been revoked. He claims that defendants Dean, Egerson, and Beckwith conspired to deprive him of his constitutional

4

rights because they failed to undertake an adequate investigation before plaintiff's probation was revoked. However, as stated in the court's previous Screening Order, this claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because actions that imply the invalidity of conditions of probation or revocation of probation are not cognizable under § 1983 until plaintiff has successfully challenged those conditions pursuant to a writ of habeas corpus. Heck, 512 U.S. at 487; Spencer v. Kemna, 523 U.S. 1, 17 (1998) (application of Heck to parole revocation hearing)); Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003).

Finally, with regard to his access to the courts claim, plaintiff alleges that defendants John Berrett and Sally S. refused to file his state habeas corpus petition. The extent of their refusal is unclear. However, plaintiff further alleges that he filed a "state habeas corpus" against defendant Egerson for depriving him of his constitutional rights, and that the state circuit court and the court of appeals denied his claim. These latter allegations demonstrate that the petition and an appeal were eventually filed. In any event, plaintiff does not state an access to the courts claim. See Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009)

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge